UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>Terrence J. Matthews,<br><br>Debtor, | Bk. Case No. 1:03-00998-JDP<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |
| Terrence J. Matthews,<br><br>    Appellant,<br>vs.<br><br>Dennis Sallaz, Daryl Sallaz, National Financial Services, Randolf Lewis<br><br>    Appellees. | <br><br>Case No. 1:17-cv-00040-EJL |

## INTRODUCTION

Pending before the Court in the above-entitled matter is Appellant's appeal of United States Bankruptcy Judge Jim D. Pappas' decision granting Appellees' Motion to Dismiss Adversary Proceeding. The matter is ripe for the Court's review. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Debtor went through divorce proceedings in 2002. (Dkt. 1-3). His ex-wife, Jacqueline Mitchell, had retained Appellee Dennis Sallaz (Sallaz) as her representation for those proceedings. (Dkt. 1-3). Ms. Mitchell failed to pay Sallaz and in August 2002 Sallaz asserted an attorney's lien against Ms. Mitchell's half interest in a house she and Debtor co-owned (Property). (Dkt. 1-3).

On March 24, 2003, Debtor filed a Chapter 13 bankruptcy petition. (Bankr. Case No. 03-00998-JDP.) Appellee Sallaz filed proof of claim of his lien in Debtor's case. (Dkt. 1-3.) Debtor argued he was not liable for the unpaid fees and objected to Sallaz's claim on his bankruptcy estate. (Dkt. 1-3.) The Bankruptcy Court agreed with Debtor that Sallaz was not a creditor of Debtor's because even if Sallaz's lien was valid, it solely attached to Ms. Mitchell's half interest in the Property. (Dkt. 1-3, Bankr. Dkt. No. 38.) Debtor's Chapter 13 plan was confirmed on July 8, 2003. (Bankr. Dkt. No. 17.) After successfully completing his Chapter 13 plan, Debtor was discharged and his case was closed in October 2007. (Bakr. Dkt. No. 61, 64, 67.)

At some point Sallaz assigned his claim to the Property to National Financial Services (National) and in February 2009, National brought a state court action to foreclose on the lien. (Dkt. 1-3.) National named Ms. Mitchell, the mortgage holder Idaho Housing Finance Association (IHFA), and Debtor as defendants. Ms. Mitchell did not appear or defend and when Debtor filed an answer contesting the foreclosure, the court held Debtor lacked standing. (Dkt. 1-3.) Ultimately, the state court ordered a foreclosure

sale of the Property and Debtor was to receive half of the remaining proceeds after the liens held by IHFA and National were paid off. (Dkt. 1-3.)

National purchased the Property at a sheriff's sale sometime in the summer of 2010 for $10,000 and a Sheriff's Certificate of Sale was issued on September 22, 2010. (Dkt. 1-3.) Following the sheriff's sale, Debtor filed a state court action against Sallaz and National alleging procedural defects in the prior state court action and wrongdoings by adverse counsel that wrongfully deprived Debtor of his interest in the Property. (Dkt. 1-3.) In October 2012, the state court ruled that Debtor was the owner of an undivided half interest in the Property, Defendants had made a payment of $7,500 to IHFA to cure default on the mortgage in order to prevent foreclosure, and Debtor was given a quitclaim deed to acknowledge his ownership of the undivided half interest. (Dkt. 1-3.)

In September 2013, Debtor filed a second state court action against Sallaz and National alleging Sallaz forged another attorney's signature on documents submitted to the state court, that the Property was sold while subject to bankruptcy protection, that Sallaz never paid the $7,500 to cure default despite his testimony to the contrary, and that Defendants should have been required to make the mortgage payments for the Property while in its possession. (Dkt. 1-3.) The state court dismissed Debtor's action for two reasons: first, it held Debtor remained liable for the mortgage payments because the IFHA was in his name, therefore he had no claim; and second, the remainder of Debtor's claims were barred by res judicata. (Dkt. 1-3.)

On July 5, 2016, Debtor filed a motion to reopen his bankruptcy case for the second time.[1] On July 18, 2016, Debtor filed an adversary proceeding against Sallaz, Daryl Sallaz, National, and Randolf Lewis five claims for relief. First, Debtor argued Defendants wrongfully sold the Property while it was subject to bankruptcy protection or in the alternative in violation of the discharge injunction. (Dkt. 1-3.) Second, Debtor alleged Sallaz circumvented federal bankruptcy laws when he waited until the bankruptcy case was closed to bring his claim against the Property in state court. (Dkt. 1-3.) Debtor's third and fourth claims challenged the legality of Sallaz's lien and subsequent sale of the Property to satisfy the lien. (Dkt. 1-3.) And fifth, Debtor contended he should not have been liable for the Property's mortgage after it was sold at the sheriff's sale. (Dkt. 1.)

Defendants filed a Motion to Dismiss under Rule 12(b)(6). (Bankr. Dkt. 7.) Defendants argued the Property was no longer protected under the automatic stay when the state court decisions were issued and the Property was sold. Further, Defendants argued under *Rooker-Feldman* the Bankruptcy Court did not have jurisdiction to entertain challenges to final state court determinations.

On January 13, 2017, the Bankruptcy Court granted Defendants/Appellees' Motion to Dismiss under Rule 12(b)(6). (Dkt. 1-3.) The Bankruptcy Court held Debtor failed to state a claim upon which relief could be granted on his first and second claims

---

[1] Debtor's first motion to reopen his bankruptcy case was on August 22, 2012. Debtor filed a "Contempt Complaint" with the United States District Court for the District of Idaho, but Debtor ultimately withdrew the complaint and the Court entered an order closing the case on October 21, 2013. (Dkt. 1-1.)

and it did not have jurisdiction over his third, fourth, and fifth claims under *Rooker-Feldman*. (Dkt. 1-3.)

In this appeal, Debtor challenges the dismissal arguing the Bankruptcy Court misapplied the law. Debtor argues the Property was protected under the automatic stay or, in the alternative, the discharge injunction, Sallaz violated the law when he waited to file his claim to the Property until after the bankruptcy case was closed, and an exception to *Rooker-Feldman* applies that allows review of his third, fourth, and fifth claims. (Dkt. 1-4.)

The Court now takes up Debtor's Appeal from the Bankruptcy Court's Order granting Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

This Court has jurisdiction to entertain an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides: "The district courts of the United States shall have jurisdiction to hear appeals. . . from final judgments, orders, and decrees[] of bankruptcy judges[.]" On appeal, the Bankruptcy Court's conclusions of law are reviewed *de novo* and the factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citation omitted); *see also* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.")

This Court applies the "clearly erroneous" standard of review to the Bankruptcy Court's factual findings. *See* Fed. R. Bankr. P. 8013. This Court reviews the dismissal of a

complaint under Rule 12(b)(6) *de novo*. *In re Dominguez*, 51 F.3d 1502, 1506 (9th Cir. 1995) (citing *Alonzo v. ACF Property Management, Inc.*, 643 F.2d 578, 579 (9th Cir. 1981). This Court will not consider an issue raised for the first time on appeal. *United States v. Robinson,* 20 F.3d 1030, 1032 (9th Cir. 1994) (citing *United States v. Mondello*, 927 F.2d 1463, 1468 (9th Cir. 1991)).

## ANALYSIS

**1. Automatic Stay and Bankruptcy Protection (First Claim)**

When a debtor files a bankruptcy petition, all of his legal and equitable interests become property of the bankruptcy estate. 11 U.S.C. § 541. Section 362 provides for an automatic stay to prevent others from attempting to enforce or collect claims against the debtor or the debtor's property, including attempts to enforce a lien. The Bankruptcy Court found that Debtor's Chapter 13 bankruptcy plan explicitly provided that all property of the estate would not revest in Debtor upon the confirmation of his plan, but it did not provide a specific time for when it would. (Dkt. 1-3.) Therefore, the Bankruptcy Court found that the automatic stay acted to protect the Debtor's Property until his bankruptcy case was closed in October 2007. (Dkt. 1-3) (citing 11 U.S.C. § 554(c)), providing that estate property not administrated when a bankruptcy case is closed is abandoned to the debtor.)

Further, the Bankruptcy Court found that Sallaz did not violate the discharge injunction after the automatic stay ceased to protect the Property. The Bankruptcy Court disallowed Sallaz's claim to the Property in 2003 when Debtor filed his Chapter 13 petition because it found Debtor was not personally liable for the lien. Section 524 grants a debtor a discharge that "operates as an injunction against the commencement or continuation of

an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11. U.S.C. § 524(a)(2). The Bankruptcy Court concluded that Sallaz's state court action was to collect his debt owed by Ms. Mitchell, not an attempt to collect from Debtor. (Dkt. 1-3.)

This Court finds the Bankruptcy Court was correct in its finding that the automatic stay no longer protected the Property in 2009 when National filed its state court action to foreclose and Sallaz did not violate the discharge injunction because he was seeking to satisfy the debt owed by Ms. Mitchell and not intending to collect a personal liability from Debtor.

### 2. Circumvention of Federal Bankruptcy Law (Claim Two)

On appeal, Debtor argues the Bankruptcy Court was wrong when it dismissed his second claim because Sallaz admitted to circumventing bankruptcy law when he stated in an affidavit that he could bring his foreclosure action because the statute of limitations was tolled during the pendency of the bankruptcy action. (Dkt. 1-4.)

This Court finds the Bankruptcy Court was correct in its finding that Debtor failed to provide, and the Court is unaware of any, legal basis to support its allegations that Sallaz violated the law when he waited until Debtor's bankruptcy case was concluded before filing a foreclosure action in state court.

### 3. Legality of Sallaz's Lien and Debtor's Liability for Mortgage Payments (Claims Three, Four, and Five)

"*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d

895, 898 (9th Cir. 2003)). *Rooker-Feldman* applies when a federal plaintiff asserts legal errors or errors by the state court as his injury and seeks relief from the state court judgment as his remedy. *Id.* at 1140. *Rooker-Feldman* does not apply where "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party." *Id.* "*Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* at 1141.

On appeal, Debtor argues his claims fall under the *Rooker-Feldman* exception because he is alleging illegal conduct by Sallaz and National in circumventing state and federal laws. However, the Court will not consider issues raised for the first time on appeal and Debtor did not raise a *Rooker-Feldman* exception in his adverse proceeding complaint or in his response to Appellees' Motion to Dismiss with the Bankruptcy Court. Even if the Court did consider an exception to *Rooker-Feldman*, the Court finds it does not apply to Debtor's claim. The illegal conduct alleged was raised by Debtor in his second state court action and it was not extrinsic to that proceeding.

This Court finds the Bankruptcy Court correctly dismissed counts three, four, and five under *Rooker-Feldman*. Counts three and four asked the Bankruptcy Court, and now this Court, to find Sallaz's lien invalid as an attorney's lien and also invalid as attached to a half interest of a co-owned property, matters that were raised and adjudicated in state court. The state court found Sallaz's lien was valid as attaching solely to Ms. Mitchell's half interest in the Property and it was only that half interest that was subject to the sheriff's sale. Because Debtor raised claims in his adversary proceeding, and now raises those same

claims in this appeal, which were adjudicated by a state court, the Bankruptcy Court and this Court do not have jurisdiction over those claims under *Rooker-Feldman*.

Debtor's fifth claim asked the Bankruptcy Judge, and now asks this Court, to excuse Debtor's obligation to make mortgage payments to IHFA after the sheriff's sale. This issue was raised and adjudicated in Debtor's second state court action where the state court held Debtor was liable for the mortgage payments because his name was still on the mortgage. Because Debtor is asserting the state court committed a legal error in its finding and is asking the Bankruptcy Court, and now this Court, to relieve him of this finding, Debtor's fifth claim falls squarely under *Rooker-Feldman* and this Court does not have jurisdiction over this claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Bankruptcy Court's decision granting the Motion to Dismiss is **AFFIRMED**.

DATED: June 14, 2017

Edward J. Lodge
United States District Judge